CHARLES F. BOOBER *vs*. ALBERT A. TOWNE.

Oxford.    Opinion September 29, 1928.

*Wilford G. Conary,*
*Benjamin W. Blanchard,* for plaintiff.
*Albert J. Stearns,*
*Harry Manser,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PAT-
GALL, JJ.

DEASY, J.   Action on the case for tort. Verdict directed for de-
fendant. Plaintiff excepts.

In 1926 the public way bordering the plaintiff's premises in Nor-
way was repaired and improved. As a result the amount of surface
water flowing to and upon the said premises was increased and
damage caused. The work upon the road was done by a crew in
charge of the defendant under the general direction of W. P. Lynn
representing the State Highway Department.

No complaint is made of any change of grade (R. S. Ch. 24,
Sec. 84) nor of injury (other than through surface water flowage)
of land outside the limits of the way, nor of any alteration or other
disturbance of natural water courses.

The plaintiff does complain that the turning of water to and
upon his land was, on the part of the defendant, done maliciously
and negligently. No evidence is produced, however, to sustain
either of these charges.

The record shows these facts: The defendant in repairing and
reconstructing the highway, under competent public authority,
proceeding in a manner not shown to be unreasonable or improper,
brought about an increase in the flow of surface water to and upon
the plaintiff's land causing injury thereto.

Upon this statement of facts the plaintiff is not entitled to recover.

Such damage was compensated for when the way was established or at all events the land owner had the opportunity, by proper and seasonable procedure, to obtain such compensation.

If it be said that he did not own, or may not have owned the land when the way was established, the obvious reply is that he acquired his land subject to all public rights.

When a way is laid out and established the land owner is entitled to just compensation for the rights in his land acquired by the public. These rights include not merely the use of a strip of land to be travelled over, but also the right to build the way and fit it for safe and convenient use, even though such acts are certain or probable or likely (112 Me., 322) to cause a change or increase in the flow of surface water upon adjacent land to its injury.

In determining just compensation there are to be considered the damage suffered by the owner through the subjection of his land to such public rights, assuming their proper exercise, and on the other hand any special and particular benefits accruing thereto.

*Penley Complnt.*, 89 Me., 315; *Meacham* v. *R. R. Co.*, 4 Cush., 291; 10 R. C. L., 158.

By the declaration the defendant is charged with the commission of a tort. The evidence proves that his acts were in the exercise of a public right. Nothing in the case shows that such acts were negligent, or otherwise improper. No tort appears.

All of the authorities so far as we have observed are in harmony with this opinion.

"Where land is seized under the power of eminent domain, compensation is measured upon the theory that the officer representing the public may so prepare and maintain it that the public may safely and conveniently use it as a passage way."

Elliott on Roads and Streets, Pg. 556.

"If such a condition (increased flow of surface water) depreciates the value of the land below, the owner is entitled constitutionally to compensation therefor. And we think he must seek his compensation for this injury . . . in the condemnation proceedings or not at all." *Peaks* v. *Co. Comrs.*, 112 Me., 318.

"When a highway is laid out, compensation is allowed to the pro-

prietors of the land for all the damage it will occasion, both direct and incidental. When it exists as an ancient way the adjoining proprietors purchase their lands subject to the rights of the public. One of these rights is that of keeping the travelled path free from surface water." *Turner* v. *Dartmouth,* 13 Allen, 293.

*Exceptions overruled.*